Paul E. Summit (PS 6263)
Andrew T. Solomon (AS 9200)
SULLIVAN & WORCESTER LLP
1290 Avenue of the Americas, 29th Floor
New York, NY 10104
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,

                Plaintiff,

                -against-

THE COMMONWEALTH OF
DOMINICA,

                Defendant.
----------------------------------------------------------X

**05 CV 6698**

**COMPLAINT**

ECF CASE

Plaintiff The Export-Import Bank of the Republic of China (hereafter "Ex-Im Bank"), by its attorneys, Sullivan & Worcester LLP, complains of the defendant the Commonwealth of Dominica (hereafter "Dominica") as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1330.

2. Venue properly exists in this district pursuant to 28 U.S.C. §1391(f), based upon the residence and status of the parties, the events and omissions giving rise to the claims, and the agreement which provides the basis for this action.

### THE PARTIES

{B0397522; 5}

3. Ex-Im Bank is a banking institution organized and existing under the laws of the Republic of China, with its principal place of business in Taipei, the Republic of China. The business of Ex-Im Bank includes the lending of money internationally.

4. Dominica is a foreign state as defined in 28 U.S.C. §1603(a).

## BACKGROUND

5. Ex-Im Bank extended seven loans to Dominica between 1991 and 2001, totaling $13,070,000. Dominica failed, refused or neglected (1) to repay certain installments of principal since June 7, 2004 and (2) to make certain interest payments since September 19, 2004, in violation of the terms of certain of the loan agreements, causing a default on all of the loans, pursuant to cross-default provisions. To date the total outstanding principal amount for the seven loans is $11,304,985.35.

The First Loan Agreement

6. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266001) dated July 19, 1991 by and between Ex-Im Bank and Dominica (hereinafter the "First Loan Agreement"), Ex-Im Bank agreed to lend $2,200,000 to Dominica.

7. Pursuant to the First Loan Agreement, Dominica issued a Promissory Note (hereafter the "First Note") to Ex-Im Bank dated August 13, 1991 by which Dominica promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the First Loan Agreement, with interest as specified therein.

The Second Loan Agreement

8. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266002) dated March 28, 1996 by and between Ex-Im Bank and Dominica (hereinafter the "Second Loan Agreement"), Ex-Im Bank agreed to lend $1,670,000 to Dominica.

9. Pursuant to the Second Loan Agreement, Dominica issued a Promissory Note (hereafter the "Second Note") to Ex-Im Bank dated April 4, 1996 by which Dominica promised

to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Second Loan Agreement, with interest as specified therein.

The Third Loan Agreement

10. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266003) dated December 7, 1996 by and between Ex-Im Bank and Dominica (hereinafter the "Third Loan Agreement"), Ex-Im Bank agreed to lend $1,300,000 to Dominica.

11. Pursuant to the Third Loan Agreement, Dominica issued a Promissory Note (hereafter the "Third Note") to Ex-Im Bank dated December 19, 1997 by which Dominica promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Third Loan Agreement, with interest as specified therein.

The Fourth Loan Agreement

12. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266004) dated June 20, 1997 by and between Ex-Im Bank and Dominica (hereinafter the "Fourth Loan Agreement"), Ex-Im Bank agreed to lend $2,000,000 to Dominica.

13. Pursuant to the Fourth Loan Agreement, Dominica issued a Promissory Note (hereafter the "Fourth Note") to Ex-Im Bank dated August 28, 1997 by which Dominica promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Fourth Loan Agreement, with interest as specified therein.

The Fifth Loan Agreement

14. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266005) dated August 28, 1997 by and between Ex-Im Bank and Dominica (hereinafter the "Fifth Loan Agreement"), Ex-Im Bank agreed to lend $1,000,000 to Dominica.

15. Pursuant to the Fifth Loan Agreement, Dominica issued a Promissory Note (hereafter the "Fifth Note") to Ex-Im Bank dated September 11, 1997 by which Dominica

promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Fifth Loan Agreement, with interest as specified therein.

The Sixth Loan Agreement

16. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266006) dated March 19, 2001 by and between Ex-Im Bank and Dominica (hereinafter the "Sixth Loan Agreement"), Ex-Im Bank agreed to lend $2,500,000 to Dominica.

17. Pursuant to the Sixth Loan Agreement, Dominica issued a Promissory Note (hereafter the "Sixth Note") to Ex-Im Bank dated June 13, 2001 by which Dominica promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Sixth Loan Agreement, with interest as specified therein.

The Seventh Loan Agreement

18. Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020266007) dated January 17, 2001 by and between Ex-Im Bank and Dominica (hereinafter the "Seventh Loan Agreement"), Ex-Im Bank agreed to lend $2,400,000 to Dominica.

19. Pursuant to the Seventh Loan Agreement, Dominica issued a Promissory Note (hereafter the "Seventh Note") to Ex-Im Bank dated February 7, 2001 by which Dominica promised to pay Ex-Im Bank such amount as might be advanced by Ex-Im Bank to Dominica pursuant to the Seventh Loan Agreement, with interest as specified therein.

TERMS OF ALL LOAN AGREEMENTS

20. The First through Seventh Loan Agreements (hereafter "All Loan Agreements") contain the following provisions:

21. All Loan Agreements require that all disbursements of money from Ex-Im Bank to Dominica and all repayments of the loans from Dominica to Ex-Im Bank must be paid in United States Dollars and must be made at their respective bank accounts located in New York City, New York.

22. For the term of each loan, summarized below, interest accrues on each advance under the loan on the basis of a 360 day year at the following rates and shall be payable semi-annually:

| Loan | Term | Per Annum Interest Rate |
|---|---|---|
| First-Third Loan Agreements: | 25 | 2 percent |
| Fourth Loan Agreement: | 15 | 4.5 percent |
| Fifth Loan Agreement: | 25 | 3.5 percent |
| Sixth Loan Agreement: | 15 | 4 percent |
| Seventh Loan Agreement: | 15 | 5 percent |

23. In the event of a default in the payment of interest, whether or not there has been an acceleration, the interest rate under All Loan Agreements increases to 10 percent per annum.

24. All of the Loan Agreements provide for the repayment of principal in approximately equal semi-annual installments.

25. All Loan Agreements provide, in substance, that Dominica must pay all reasonable expenses incurred by the Lender [the Ex-Im Bank] in connection with its enforcement of the Loan Agreements and the Notes.

26. Under All Loan Agreements, Dominica represented and warranted, in summary, that the Loan Agreements were binding, and that they were lawful and duly authorized under the laws of the Commonwealth of Dominica. Dominica further warranted that its obligations to the Ex-Im Bank will "at all times rank at least pari passu with" its other indebtedness. Dominica further warranted that its borrowing under the Loan Agreements constitutes a "commercial act" and that with respect to "its obligations under this [Loan] Agreement and the Note, neither it nor any property owned by it ... enjoys any right of immunity, on ground of sovereignty or otherwise, from suit or any other legal process, jurisdiction of any court, attachment (prior to or in aid of execution of judgment), or set offs." Finally, Dominica stated unequivocally: "To the extent that the Borrower now has or may hereafter acquire such right of [sovereign] immunity, the Borrower hereby irrevocably waives it for itself and any property owned by it."

27. Events of Default under All Loan Agreements are governed by the provisions of Article VI, VII or VIII. The following constitute events of default under the Loan Agreements: Dominica's breach of any representation, warranty, or statement; its failure to perform any obligation including the nonpayment of amounts due under the Notes; or Dominica's default on any other loan agreement, whether or not Ex-Im Bank is a party. It is also an event of default if Dominica declares a moratorium on the payment of any foreign denominated debts (i.e., debts in a currency other than Dominica's).

28. If an Event of Default occurs under All Loan Agreements, Ex-Im Bank, by written notice to Dominica, may declare the entire unpaid balance of the loan and any other sums payable immediately due and payable, presentment, demand and protest being waived.

29. All Loan Agreements contain, among the miscellaneous terms, a choice of law and forum selection clause, which dictates that the Loan Agreements and the Notes are governed by the internal laws of the State of New York. Dominica is further required to always maintain an agent for process in New York, and both parties agreed to irrevocably consent to the non-exclusive jurisdiction of any State or Federal Court in New York, New York, and to waive any objection to that venue on any ground.

## CAUSE OF ACTION UNDER THE FIRST LOAN AGREEMENT

30. Ex-Im Bank repeats such allegations contained in paragraphs 1-29 above.

31. Pursuant to the First Loan Agreement and the First Note, Ex-Im Bank has loaned $2,200,000.

32. Dominica has failed to make required payments and is in default under the First Loan Agreement and the First Note. Dominica has failed to make the following required installment of interest: $14,992.48 on January 19, 2005.

{B0397522; 5}

33.     Dominica has failed to make the following required repayments of principal: (a) $61,112.00 on July 19, 2004 and (b) $61,112.00 on January 19, 2005.

34.     On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the First Loan Agreement has been received to date in response to this notice.

35.     The principal balance owing under the First Loan Agreement and the First Note is $1,527,768.00.

36.     The accrued interest owing under the First Loan Agreement and the First Note was $12,222.13 as of December 15, 2004.

37.     The overdue interest owing under the First Loan Agreement and the First Note is $2,546.33.

38.     The default interest per day owing under the First Loan Agreement and the First Note from December 16, 2004 is $424.38.

39.     Therefore, under the First Loan Agreement and the First Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $1,527,768.00 plus accrued interest of $12,222.13 as of December 15, 2004, plus overdue interest of $2,546.33 as of December 15, 2004, for a total of $1,542,536.46 plus default interest per day of $424.38 as of December 16, 2004, plus costs and attorneys' fees.

CAUSE OF ACTION UNDER THE SECOND LOAN AGREEMENT

40.     Ex-Im Bank repeats such allegations contained in paragraphs 1-39 above.

41.     Pursuant to the Second Loan Agreement and the Second Note, Ex-Im Bank has loaned $1,670,000.00.

42. Dominica has failed to make required payments and is in default under the Second Loan Agreement and the Second Note. Dominica has failed to make the following required installments of interest:

(a) $16,122.71 on September 28, 2004; and (b) $15,393.38 on March 28, 2005.

43. Dominica has failed to make the following required repayments of principal: (a) $46,389.00 on September 28, 2004; and (b) $46,389.00 on March 28, 2005.

44. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the Second Loan Agreement has been received to date in response to this notice.

45. The principal balance owing under the Second Loan Agreement and the Second Note is $1,577,222.00.

46. The accrued interest owing under the Second Loan Agreement and the Second Note was $22,841.37 as of December 15, 2004.

47. The overdue interest owing under the Second Loan Agreement and the Second Note is $1,017.98.

48. The default interest per day owing under the Second Loan Agreement and the Second Note from December 16, 2004 is $438.12.

49. Therefore, under the Second Loan Agreement and the Second Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $1,577,222.00 plus accrued interest of $22,841.37 as of December 15, 2004, plus overdue interest of $1,017.98, as of December 15, 2004, for a total of $1,601,081.35 plus default interest per day of $438.12 as of December 16, 2004, plus costs and attorneys' fees.

## CAUSE OF ACTION UNDER THE THIRD LOAN AGREEMENT

50. Ex-Im Bank repeats such allegations contained in paragraphs 1 to 49 above.

51. Pursuant to the Third Loan Agreement and Third Note, Ex-Im Bank has loaned $1,300,000.

52. Dominica has failed to make required payments and is in default under the Third Loan Agreement and Third Note. Dominica has failed to make the following required installment of interest: $12,849.53 on December 7, 2004.

53. Dominica has failed to make the following required repayments of principal: (a) $36,112.00 on June, 7, 2004 and $36,112.00 on December 7, 2004.

54. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the Third Loan Agreement has been received to date in response to this notice.

55. The principal balance owing under the Third Loan Agreement and the Third Note is $1,300,000.00.

56. The accrued interest owing under the Third Loan Agreement and the Third Note was $13,481.47 as of December 15, 2004.

57. The overdue interest owing under the Third Loan Agreement and the Third Note is $1,925.97.

58. The default interest per day owing under the Third Loan Agreement and the Third Note from December 16, 2004 is $361.11.

59. Therefore, under the Third Loan Agreement and the Third Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $1,300,000.00 plus accrued

interest of $13,481.47 as of December 15, 2004, plus overdue interest of $1,925.97, as of December 15, 2004, for a total of $1,315,407.44 plus default interest per day of $361.11 as of December 16, 2004, plus costs and attorneys' fees.

## CAUSE OF ACTION UNDER THE FOURTH LOAN AGREEMENT

60. Ex-Im Bank repeats such allegations contained in paragraphs 1-59 above.

61. Pursuant to the Fourth Loan Agreement and the Fourth Note, Ex-Im Bank has loaned $2,000,000.00.

62. Dominica has failed to make required payments and is in default under the Fourth Loan Agreement and the Fourth Note. Dominica has failed to make the following required installment of interest $30,499.88 on December 20, 2004.

63. Dominica has failed to make the following required repayments of principal: (a) $83,334.00 on June 20, 2004; and (b) $83,334.00 on December 20, 2004.

64. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the Fourth Loan Agreement has been received to date in response to this notice.

65. The principal balance owing under the Fourth Loan Agreement and the Fourth Note is $1,416,662.00.

66. The accrued interest owing under the Fourth Loan Agreement and the Fourth Note was $29,833.21 as of December 15, 2004.

67. The overdue interest owing under the Fourth Agreement and the Fourth Note is $4,143.55.

{B0397522; 5}

68. The default interest per day owing under the Fourth Loan Agreement and the Fourth Note from December 16, 2004 is $393.52.

69. Therefore, under the Fourth Loan Agreement and the Fourth Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $1,416,662.00 plus accrued interest of $29,833.21 as of December 15, 2004, plus overdue interest of $4,143.55, as of December 15, 2004, for a total of $1,450,638.76 plus default interest per day of $393.52 as of December 16, 2004, plus costs and attorneys' fees.

## CAUSE OF ACTION UNDER THE FIFTH LOAN AGREEMENT

70. Ex-Im Bank repeats such allegations contained in paragraphs 1-69 above.

71. Pursuant to the Fifth Loan Agreement and the Fifth Note, Ex-Im Bank has loaned $1,000,000.00.

72. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. Payment on the Fifth Loan Agreement was received on February 28, 2005 and was accepted as partial payment of the acceleration as per Ex-Im Bank's letter of March 22, 2005.

73. The principal balance owing under the Fifth Loan Agreement and the Fifth Note is $1,000,000.00.

74. The accrued interest owing under the Fifth Loan Agreement and the Fifth Note was $10,694.44 as of December 15, 2004.

75. The default interest per day owing under the Fifth Loan Agreement and the Fifth Note from December 16, 2004 is $277.78.

76. Therefore, under the Fifth Loan Agreement and the Fifth Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $1,000,000.00 plus accrued interest of $10,694.44 as of December 15, 2004, for a total of $1,010,694.44 plus default interest per day of $277.78 as of December 16, 2004, plus costs and attorneys' fees.

## CAUSE OF ACTION UNDER THE SIXTH LOAN AGREEMENT

77. Ex-Im Bank repeats such allegations contained in paragraphs 1-76 above.

78. Pursuant to the Sixth Loan Agreement and the Sixth Note, Ex-Im Bank has loaned $2,083,333.35.

79. Dominica has failed to make required payments and is in default under the Sixth Loan Agreement and the Sixth Note. Dominica has failed to make the following required installments of interest:

(a) $42,592.60 on September 19, 2004; and (b) $41,898.15 on March 19, 2005.

80. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the Sixth Loan Agreement has been received to date in response to this notice.

81. The principal balance owing under the Sixth Loan Agreement and the Sixth Note is $2,083,333.35.

82. The accrued interest owing under the Sixth Loan Agreement and the Sixth Note was $62,962.96 as of December 15, 2004.

83. The default interest per day owing under the Sixth Loan Agreement and the Sixth Note from December 16, 2004 is $578.70.

84. Therefore, under the Sixth Loan Agreement and the Sixth Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $2,083,333.35 plus accrued interest of $62,962.96 as of December 15, 2004, for a total of $2,146,296.31 plus default interest per day of $578.70 as of December 16, 2004, plus costs and attorneys' fees.

CAUSE OF ACTION UNDER THE SEVENTH LOAN AGREEMENT

85. Ex-Im Bank repeats such allegations contained in paragraphs 1-84 above.

86. Pursuant to the Seventh Loan Agreement and the Seventh Note, Ex-Im Bank has loaned $2,400,000.00.

87. Dominica has failed to make required payments and is in default under the Seventh Loan Agreement and the Seventh Note. Dominica has failed to make the following required installment of interest: $61,333.33 on January 17, 2005.

88. On December 1, 2004 Ex-Im Bank gave written "Notice of Default and Acceleration" to Dominica that certain events of default had occurred under the terms of the First, Second, Third, Fourth and Sixth Loans, and that the entire unpaid balance and all other sums payable under All Loan Agreements and Notes were immediately due and payable. No payment on the Seventh Loan Agreement has been received to date in response to this notice.

89. The principal balance owing under the Seventh Loan Agreement and the Seventh Note is $2,400,000.00.

90. The accrued interest owing under the Seventh Loan Agreement and the Seventh Note was $50,666.67 as of December 15, 2004.

91. The default interest per day owing under the Seventh Loan Agreement and the Seventh Note from December 16, 2004 is $666.67.

92. Therefore, under the Seventh Loan Agreement and the Seventh Note, there is now due and owing from Dominica to Ex-Im Bank the principal sum of $2,400,000.00 plus accrued

{B0397522; 5}

interest of $50,666.67 as of December 15, 2004, for a total of $2,450,666.67 plus default interest per day of $666.67 as of December 16, 2004, plus costs and attorneys' fees.

WHEREFORE, Ex-Im Bank demands judgment in its favor as follows:

(a) the sum of $11,517,321.43, plus prejudgment interest at the contract default rate (i.e., 10 percent) on unpaid principal from December 16, 2004 to the date of judgment, plus prejudgment interest at the applicable statutory rate on all other amounts due as of the date of acceleration of the loans to the date of judgment, plus costs and attorneys' fees incurred by Ex-Im Bank in connection with enforcement of All Loan Agreements;

(b) disbursements and court costs; and

(c) such other and further relief as this Court deems just and proper.


Dated:    New York, New York
          July 25, 2005

                              SULLIVAN & WORCESTER LLP

                              By: _____
                              Paul E. Summit, Esq. (PS 6263)
                              Andrew T. Solomon, Esq. (AS 9200)
                              1290 Avenue of the Americas
                              New York, NY 10104
                              T. 212.660.3000
                              F. 212.660.3001

                              *Attorneys for Plaintiff*